UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| APRIL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-152-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LVNV FUNDING, LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant LVNV Funding, LLC's ("LVNV") motion to dismiss. [Record No. 7] LVNV argues that Plaintiff April Brown's Complaint fails to state a claim upon which relief may be granted. For the reasons discussed below, the defendant's motion will be granted.

**I.**

On April 23, 2013, LVNV filed a Complaint in the Fayette District Court in an attempt to collect a debt owed by Brown.[1] [Record No. 7-2, p. 2] The debt arose in 2009 when Brown stopped making payments on a credit card issued by Citibank, N.A. On May 1, 2009, Citibank charged-off the $3,618.33 debt.[2] [*Id.*]

On December 15, 2010, Citibank sold Brown's account to LVNV for approximately $181.00. [Record No. 8, p. 1] The parties dispute the amount due on the date that LVNV acquired the debt. According to Brown, Citibank had not imposed any interest on the credit

---

[1] Brown's Complaint refers to an LVNV suit filed against her in the Scott District Court, but this reference appears to be in error. [Record No. 1, p. 1]

[2] "Creditors charge off debt in accordance with federal regulations that permit the creditor to remove the debt from their financial records." *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 518 (E.D. Mich. 2013).

card account between the charging-off and the sale to LVNV. [Record No. 1, p. 3] Brown argues that, as a result, Citibank "affirmatively waived any and all right it had to charge and accrue interest" on the debt. [*Id.*] However, LVNV's state court Complaint sought to recover $3,657.33 as well as eight percent interest per annum from the date of charge-off. [Record No. 7-1, p. 2] LVNV's state court Complaint alleges, in its entirety:

> 1. The Defendant(s) is indebted to the Plaintiff under an agreement or account.
>
> 2. LVNV Funding LLC purchased this account. The original credit grantor is Citibank (South Dakota), N.A./WAMU.
>
> 3. Defendant(s) has failed to pay the plaintiff the remaining balance of its account in the sum of $3,657.33, along with the interest at the annual rate of 8% from May 1, 2009, until the date of Judgment, then at 12% per annum on the Judgment until satisfied.

[Record No. 7-2] Brown contests both the balance of the principal amount of the debt and the accrual of interest. [Record No. 1]

On April 19, 2014, Brown filed the current action. [Record No. 1] Brown alleges that LVNV violated the FDCPA by: (i) attempting to collect unauthorized interest and a principal amount greater than the amount due; (ii) falsely representing the character, amount, and legal status of the debt and interest; and (iii) taking an "action that cannot legally be taken" in attempting to collect the debt and interest. [*Id.*]

LVNV moves for the dismissal of Brown's claims, alleging it had the right under Kentucky law[3] to seek payment of the debt and request the eight percent prejudgment interest in the collection proceeding. It argues that the act of seeking the full amount of the debt and requesting interest does not constitute a violation of the FDCPA. [Record Nos. 7, 12]

---

[3] Presumably under KRS § 360.010, although LVNV cites this statute only indirectly. [Record No. 12, p. 7]

**II.**

When evaluating a motion to dismiss under Rule 12(b)(6), a district court determines whether a complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but the court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

# III.

## A. Statutory Prejudgment Interest

LVNV argues that its state court action did not violate the FDCPA because it properly requested statutory interest under Kentucky law. [Record No. 7] Absent an agreement to the contrary, "[t]he legal rate of interest is eight percent (8%) per annum," which runs as a matter of right on a liquidated demand. KRS § 360.010; *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991) (when the damages are liquidated, prejudgment interest follows as a matter of course). Kentucky law provides that this interest accrues from the date of breach. *Lang v. Bach*, 134 S.W. 188, 191 (Ky. 1911) (The law is well settled that a liquidated claim carries with it interest from the time it was due, absent an agreement to the contrary.). Kentucky law is similarly clear that this interest applies "[a]bsent a contractually agreed upon rate." *Reliable Mech., Inc., v. Naylor Indus. Serv., Inc.*, 125 S.W.3d 856, 857 (Ky. Ct. App. 2003). The plain language of the statute provides that "any party or parties may agree, in writing, for the payment of interest in excess of that rate." KRS § 360.010(1).

Here, there is no evidence that LVNV seeks to collect interest at a rate above the statutory allowance. Additionally, Brown provides no authority that suggests the decision to forego contractual interest means that statutory interest may not be collected. The plaintiff correctly asserts that Citibank could not assign LVNV a greater right than it possessed, and LVNV's rights are entirely derivative of Citibank's. [Record No. 8, p. 9] *See Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969). If Citibank intentionally waived its right to statutory interest, then LVNV cannot invoke KRS § 360.010 here. However, a waiver must be clear and unequivocal. *Stratton v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 167636, at *10 (E.D. Ky. Nov. 26, 2013).

Brown devotes ample space in her Response to a discussion of the plethora of business advantages that Citibank would have gained by waiving its right to contractual interest from the date of charge-off. [Record No. 8, pp. 11-17] However, this limited waiver does not automatically operate as a waiver of its right to collect statutory interest from the date of charge-off. *Stratton*, 2013 U.S. Dist. LEXIS 167636, at *9.

Absent authority suggesting that the right to statutory interest is presumed waived with contractual interest, Brown's allegations are unsupported and LVNV's request for statutory prejudgment interest under KRS § 360.010 from the date of Brown's charge-off was not improper. Assuming Citibank waived its right to collect contractual interest on the debt, it did not necessarily waive its right to collect statutory interest. However, for the reasons set forth below, even if LVNA could not have collected statutory prejudgment interest from the date of the charge-off, its request to the state court does not violate FDCPA.

**B.     The FDCPA**

Brown asserts that LVNV's state court Complaint violated three sections of the Fair Debt Collection Practices Act: 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692f. [Record No. 1] Congress passed the FDCPA to address the national problem of debt collection abuse by unscrupulous debt collectors. 15 U.S.C. § 1692. The FDCPA prohibits, *inter alia*, the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692e, f(1). Under the FDCPA, the Court reviews a debt collector's conduct through the eyes of "the least sophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.2d 323, 326-27 (6th

Cir. 2012) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)). The abusive debt collection practices which the FDCPA seeks to remedy include "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Miller v. Javitch, Block & Rathbone*, 561, F.3d 588, 591 (6th Cir. 2009).

### 1. 15 U.S.C. § 1692e(2)(A)

Brown contends that LVNV violated § 1692e(2)(A) of the FDCPA by falsely representing the amount of her debt and interest. [Record No. 1] However, her argument is undercut by her own pleadings. While it appears that Brown intended to allege that the principal amount of the debt owed to LVNV is $3,618.33, instead of the $3,657.33 claimed by the defendant, Brown's Complaint and subsequent responses confuse the issue. Again and again, Brown states that "[a]t the time of purchase, the face value of the debt [was] $3,657.33."[4] [Record No. 1, p. 1] Taken at its word, the Complaint does not consistently allege facts that suggest LVNV's state court Complaint requests an inappropriate principal amount.

Even assuming *arguendo* that LVNV's state Court complaint violated Kentucky law, it is well-settled that not every violation of state law gives rise to a cause of action under the FDCPA. *See, e.g. Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004)

---

[4] She alleges that: "$3, 657.33 [was] due on the date of charge off"; "[a]t the time of purchase, the face value of the debt was still $3,657.33"; "[t]he amount due on Ms. Brown's credit card debt at the time of charge off was $3,657.333"; and "[t]he amount due on Ms. Brown's credit card debt on the date of sale was $3,657.33." [Record No. 8, pp. 5, 11]

("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of state debt collection law into a federal violation."); *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1998).

LVNV argues that this claim should be dismissed because its request for the amount of the debt and prejudgment interest was not a false representation but a legitimate claim. While the FDCPA is intended to "supervise a range of unsupervised contacts, such as demand letters and late-night telephone calls," these abusive tactics are distinguishable from claims made in court. *Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 62 (D. Mass. 1998). Because of the protections inherent in the court system against unfounded claims and abusive tactics, the FDCPA need not be invoked every time there is a request for judicial relief. *Id.* Such a request, even where it specifies a disputed amount of damages, "is just that: a request to the court for consideration, not a demand to the debtor himself." *Id.* at 61. Based upon the language contained in LVNV's Complaint, even an unsophisticated consumer would have understood the request for interest was nothing more than a request. At least one Kentucky court has held that requesting statutory prejudgment interest under KRS § 360.010 in a complaint does not violate the FDCPA. *See Unifund CCR Partners v. Carol Harrell*, No. 12-CI-00661 (Nelson Circuit Court) (dismissing an FDCPA counterclaim under similar facts).

That is not to say that an allegation in a pleading could never constitute a violation of the FDCPA. However, in this case, neither the request for eight percent statutory interest nor for a judgment of a disputed principal amount constitutes a violation of the FDCPA under the provisions cited by Brown. LVNV contends it reasonably believed it was entitled to the requested relief, and its request to the state court to decide the issue does not amount to a

false representation under § 1692e(A)(2). Whether LVNV is actually entitled to remedy is the question properly before the Fayette District Court. Accordingly, Brown's claim under § 1692e(A)(2) will be dismissed.

### 2. 15 U.S.C. § 1692e(5)

LVNV urges the Court to dismiss Brown's § 1692e(5) claim because the FDCPA prohibits *threats* to take action, not the action itself. *See* 15 U.S.C. § 1692e(5) (A "debt collector may not . . . [make a] threat to take any action that cannot be legally taken."); *see also Delawder v. Platinum Fin. Sews. Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (for a viable § 1692e(5) claim, there must be a threat of action, not action itself). To establish a claim under this section, the plaintiff must allege facts to support two elements: (1) a threat to take action against the consumer; and (2) a showing that (a) the action cannot be legally taken, or (b) the debt collector did not actually intend to undertake the threatened action. *Stratton*, 2013 U.S. Dist. LEXIS 167636, at *19.

LVNV argues that Brown's § 1692e(5) claim should be dismissed because the filing of the state court debt collection action was not a threat but an action. The FDCPA does not define what constitutes a threat. Although Brown argues that the section applies not only to threats of action but the action itself, such an interpretation would impermissibly expand the plain language of the statute. *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (the interpretation of FDCPA begins with the statutory language itself). The Sixth Circuit has expressed concern regarding the wordplay of distinguishing between a threat of action and the action itself. *See Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). However, while civil actions can constitute a threat under the FDCPA, the finding of such a threat is reserved for cases such as *Currier v. First Resolution*

*Inv. Corp.*, 2014 U.S. App. LEXIS 15277 (6th Cir. 2014). In *Currier*, the Sixth Circuit found a threat to take illegal action existed where a debt collector filed and maintained an invalid lien on the consumer's house without a security interest in the property. *Id.* at *12. LVNV's state court action does not rise to this level of conduct. The FDCPA's overarching purpose is to prevent false, deceptive, or misleading representations, not to prevent a legally entitled party from filing a request for relief.

Although Brown disputes that the face value of the debt is $3,657.33, the state court collection action was a lawful vehicle for LVNV to recover the debt Brown owes. The act of filing the state court Complaint was not a "threat" within the meaning of the FDCPA. Because Brown has not alleged any other threat LVNV made to take action, her § 1692e(5) claim will be dismissed.

### 3. 15 U.S.C. § 1692f(1)

Section 1692f(1) of the FDCPA prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt." The FDCPA does not define an "unfair or unconscionable" practice under § 1692f, but it sets forth a non-exhaustive list of conduct that rises to that level. The listed conduct includes accepting or soliciting a postdated check, charging any person for communications by concealing the true purpose of the communication, taking or threatening to take an action to dispossess or disable property when there is no present right in the property, communicating with a consumer about a debt via postcard, or sending mail with any symbol other than the debt collector's address and non-identifying business name. 15 U.S. C. § 1692f. LVNV argues that this claim should be dismissed because the state court action was not an "unfair and unconscionable means" to collect the debt it assumed from Citibank. [Record No. 7, p. 6] It

contends that the request to the state court for the collection of the debt and statutory prejudgment interest was nothing more than a request for relief to which LVNV was entitled.

Brown argues that the attempt to collect any amount of a debt to which a debt collector is not legally entitled is unfair and unconscionable. [Record No. 8, p.7] However, the FDCPA does not prohibit collection actions where the amount sought is permitted by law. *See* 15 U.S.C. § 1692f(1). Brown has not cited any relevant authority indicating that the act of filing a suit for prejudgment interest is unfair or unconscionable within the meaning of the FDCPA. As previously stated, LVNV's request in the state court debt collection action was not improper under Kentucky law, much less unfair or unconscionable. Brown has not alleged sufficient facts to elevate this case from a state law-dispute to a federal claim under the FDCPA. As a result, Brown's claim under § 1692f will be dismissed.

**IV.**

Brown's Complaint fails to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant LVNV Funding, LLC's motion to Dismiss [Record No. 7] is **GRANTED.**

2. All claims asserted by Plaintiff April Brown in this matter are **DISMISSED** with prejudice. Further, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A separate Judgment in favor of Defendant LVNV Funding, LLC, will issue this date.

This 6th day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge